

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 1   Revised by WAED - 10/11

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 20 2013

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| LORENA CORNEJO | Case Number: 2:11CR02079-004 |
| | USM Number: 13856-085 |
| | John Gregory Lockwood |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of the Information Superseding Indictment

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 4 | Misprision of a Felony | 07/14/11 | 1s |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   1, 2 and 5 of underlying Indictment   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/18/2013
Date of Imposition of Judgment

_/s/ signature_
Signature of Judge

The Hon. Wm. Fremming Nielsen   Senior Judge, U.S. District Court
Name and Title of Judge

March 20 2013
Date

DEFENDANT: LORENA CORNEJO
CASE NUMBER: 2:11CR02079-004

# PROBATION

The defendant is hereby sentenced to probation for a term of :     1 Year

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LORENA CORNEJO
CASE NUMBER: 2:11CR02079-004

Judgment—Page 3 of 6

## SPECIAL CONDITIONS OF SUPERVISION

14) You shall provide the supervising officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of your Federal income tax returns. You shall disclose all assets and liabilities to the supervising officer. You shall not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising officer.

15) You shall surrender or make available for review, any documents and/or business records, requested by the supervising officer.

16) You shall not incur any new debt, open additional lines of credit, or enter into any financial contracts, without the advance approval of the supervising officer.

17) You shall submit your person, residence, office, or vehicle to a search, conducted by a U.S. probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You shall warn persons with whom you share a residence that the premises may be subject to search.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: LORENA CORNEJO
CASE NUMBER: 2:11CR02079-004

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $100.00 | $0.00 | $0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LORENA CORNEJO
CASE NUMBER: 2:11CR02079-004

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

See page 6 of this Judgment for special instructions.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

    Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| Case Number | Defendant | Total Amount | Joint and Several Amount | Payee |
|---|---|---|---|---|
| 2:11CR02079-003 | David Cornejo | $50,000.00 | $50,000.00 | United States Marshals Service |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: LORENA CORNEJO
CASE NUMBER: 2:11CR02079-004

## ADDITIONAL FORFEITED PROPERTY

As set forth in Paragraph 13 of the parties' 11(c)(1)(C) Plea Agreement, Defendant, LORENA CORNEJO, agreed to voluntarily forfeit and relinquish all right, title and interest in the following listed assets, to the United States, as described below, including, but not limited to the following:

SUBSTITUTE RES: The Defendant agreed to remit to the United States $50,000.00 in U.S. funds as substitute res, jointly and severally with DAVID CORNEJO, in lieu of forfeiture of the below-described real property, which the United States sought to forfeit pursuant to 21 U.S.C. § 853, for violations of 21 U.S.C. §§ 841, 846 and 2:

REAL PROPERTY: All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at West King Tull and North Bone Roads, Prosser, Benton County, Washington, legally described as follows:
Parcel A: All that portion of the Northeast quarter of the Northwest quarter of Section 29, Township 9 North, Range 24 East, W.M., Benton County, Washington.

EXCEPT THE FOLLOWING:

Beginning at the North quarter corner of said Section; Thence North 90 degrees, 00' 00" West along the centerline of King Tull Road and the North line of said Northeast quarter 546.45 feet; Thence South 00 degrees 15' 56" West 20.00 feet to the true point of beginning; Thence South 00 degrees 15' 56" West 615.00 feet; Thence South 90 degrees 00' 00" West 188.90 feet; Thence North 00 degrees 15' 56" East 315.74 feet; Thence North 90 degrees 00' 00" East 33.67 feet; Thence North 00 degrees 15' 56" East 299.26 feet to the southerly right-of-way line of King Tull Road; Thence North 90 degrees 00' 00" East along said right-of-way line 155.23 feet to said true point of beginning; and EXCEPT county road right-of-way.

Parcel B: The West 990 feet of the North half of the Southeast quarter of the Northwest quarter of Section 29, Township 9 North, Range 24 East, W.M., Benton County, Washington.

Together with the South 20 feet of the North half of the Southeast quarter of the Northwest quarter of said Section 29; EXCEPT the West 990 feet thereof; and EXCEPT the East 15 feet thereof for road.

Parcel C: Lot 2, Short Plat No. 1249, according to the Survey thereof recorded under Auditor's File No. 861662, records of Benton County, Washington. Parcel Nos. 1-1894-301-1249-002; 1-2994-200-0001-000; and 1-2994-200-0011-001 SUBJECT to any easements, rights of way, reservations, and/or exceptions, and actions of record.

Defendant stipulated and agreed to provide the $50,000.00 substitute res in two separate cashier's checks, each for the amount of $25,000.00, made payable to the United States Marshals Service, and delivered to the United States Marshals Service. The first check must be delivered no later than March 31, 2013, and the second and final check must be delivered no later than October 31, 2013.

The forfeiture of the $50,000.00 substitute res will be completed in the parallel civil forfeiture action, United States v. Parcel Nos. 1-1894-301-1249-002; 1-2994-200-0001-000; and 1-2994-200-0011-001, etc., Eastern District of Washington Cause No. 12-CV-***-***. The Defendant stipulated and agreed that she will execute any pleadings necessary to complete said forfeiture of the $50,000.00 substitute res to the United States in the civil judicial forfeiture proceeding, and that she will not file a claim. The Defendant further stipulated and agreed that the parallel civil forfeiture action should be stayed pending payment of the substitute res.

Defendant stipulated and agreed that if the $50,000.00 substitute res is not provided to the United States on the schedule agreed above, the United States, at its sole option, may either retain any funds previously paid as substitute res in lieu of forfeiture of the real property located at located at West King Tull and North Bone Roads, Prosser, Benton County, Washington, Parcel Nos. 1-1894-301-1249-002; 1-2994-200-0001-000; and 1-2994-200-0011-001, legally described above, or the United States may return any funds previously paid as substitute res and forfeit the real property located at located at West King Tull and North Bone Roads, Prosser, Benton County, Washington, Parcel Nos. 1-1894-301-1249-002; 1-2994-200-0001-000; and 1-2994-200-0011-001, legally described above. If the United States elects to retain any funds previously paid as substitute res in lieu of forfeiture of the real property located at West King Tull and North Bone Roads, Prosser, Benton County, Washington, Parcel Nos. 1-1894-301-1249-002; 1-2994-200-0001-000; and 1-2994-200-0011-001, legally described above, the Defendant agreed that she will execute any pleadings necessary in the parallel civil judicial forfeiture proceeding to complete said forfeiture of the substitute res. If the United States elects to forfeit the real property located at located at West King Tull and North Bone Roads, Prosser, Benton County, Washington, Parcel Nos. 1-1894-301-1249-002; 1-2994-200-0001-000; and 1-2994-200-0011-001, legally described above, due to nonpayment of the substitute res, the Defendant agreed that she will execute any pleadings necessary in the parallel civil judicial forfeiture proceeding to complete said forfeiture of the real property as described above.

The Defendant acknowledged that the real property listed above is subject to forfeiture pursuant to 21 U.S.C. § 853 and constitutes property used or intended to be used in any manner or part to commit or to facilitate controlled substance violations.

The Defendant agreed to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

The Defendant waived further notice of any federal, state or local proceedings involving the forfeiture of the assets the Defendant is agreed to forfeit in the parties' Plea Agreement.